UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TANGENSIS, INC., § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL CASE NO. | 3:23-cv-001760 |
| § | | |
| STREAMLINE, LLC, § | | |
| § | | |
| Defendant. § | | |

## NOTICE OF REMOVAL

Defendant Streamline, LLC ("Streamline") files this Notice of Removal under 28 U.S.C. §§ 1441 and 1446 of Cause No. DC-23-07660 in the 191st Judicial District of Dallas County (the "State Court") to the United States District Court for the Northern District of Texas, Dallas Division.

### I.  BACKGROUND

Streamline is a technology consulting and software engineering firm that provides workers—primarily engineers—to its clients. Streamline has a number of full-time employees it assigns to its clients, but it also sometimes obtains contract workers from outside agencies like Plaintiff Tangensis, Inc. ("Tangensis").

In Spring 2021, Tangensis and Streamline entered a series of four agreements ("Agreements") in which Tangensis agreed to provide Streamline four of such contractors.[1] Each

---

[1] The Agreements each contain a mandatory forum selection clause laying venue of this action in Washington. Streamline raised the forum selection clause in the State Court, and it intends to timely raise it before this Court, too.

agreement provided an individual consultant to Streamline, and Streamline placed these consultants with end clients in Washington state.

Tangensis sued Streamline under the Agreements on June 8, 2023 in the State Court alleging Streamline owes it money, bringing the following claims: (1) suit on sworn account; (2) breach of contract; and (3) quantum meruit.

## II.   TIMELINESS OF REMOVAL

Streamline does not have a registered agent in Texas for service of process, so Tangensis served Streamline via service on the Texas Secretary of State ("SOS"). Streamline received the service packet from the SOS, including a letter from the SOS dated July 5, 2023, no earlier than July 6, 2023. This Notice of Removal is being filed on August 7, 2023.[2] Because "the removal statute itself requires receipt by the defendant of the initial pleading before the thirty-day removal period begins to run, service on a statutory agent alone does not qualify as service for removal purposes. *Med. Staffing Network, Inc. v. Health Care Cap., Inc.*, No. CIV.A.3:04-CV-0794-B, 2004 WL 2626541, at *1 (N.D. Tex. Nov. 16, 2004). Rather, "it now appears to be settled law that the time for removal begins to run only when the defendant or someone who is the defendant's agent-in-fact receives the notice via service." *Moss v. U.S. Bank Nat'l Ass'n for Residential Asset Mortg. Prod., Inc.*, No. 3:17-CV-1526-D, 2017 WL 4923894, at *5 n.4 (N.D. Tex. Oct. 31, 2017) (collecting cases).

Streamline files this Notice of Removal within 30 days of receiving service from the SOS; thus, removal is timely under 28 U.S.C. § 1446(b)(1).

---

[2] While 30 days from Streamline's receipt of the service packet is August 5, 2023, August 5 is a Saturday. Fed. R. Civ. P. 6(a)(1)(c).

2

### III.     VENUE

The United States District Court for the Northern District of Texas, Dallas Division, is the federal district and division embracing the State Court in which this action is pending. 28 U.S.C. § 1441(a).

### IV.     CONSENT

Streamline is the sole defendant to this action.

### V.     PROCEDURAL REQUIREMENTS

Pursuant to 28 USC §1446(a) and Local Rule 81.1(a)(4), the following exhibits are attached:

|  |  |
|---|---|
| Exhibit 1: | An index of all documents that identifies each document and indicates the date the document was filed in state court; |
| Exhibit 2: | A copy of the docket sheet in the state court action; and |
| Exhibit 3: | Each document filed in the state court action; |

Streamline also files contemporaneously with this Notice of Removal a signed certificate of interested persons that complies with Local Rule 3.1(c).

### VI.     BASIS FOR REMOVAL

The district courts of the United States have original jurisdiction over this action based on diversity of citizenship. Original jurisdiction over such matters is conferred upon federal district courts by 28 U.S.C. § 1332, which states that "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1).

A corporation is a citizen of the state in which it is incorporated and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). A limited liability company ("LLC") is a citizen of every state in which a member

resides. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

Tangensis alleges it was incorporated in Texas and has its principal place of business in Dallas County, Texas. Pet. ¶ 4.1. Moreover, Streamline is an LLC whose sole member is an individual resident of Washington. *E.g.*, Ex. 3 at 33. Accordingly, the parties are completely diverse.

The amount in controversy exceeds $75,000, as Tangensis seeks monetary damages from Streamline in the amount of $163,808. Pet. Prayer.

Because the parties are completely diverse, and the amount in controversy exceeds $75,000, this Court has original jurisdiction under 28 U.S.C. § 1332.

## VII.    JURY DEMAND

Plaintiff's Petition does not request a jury trial.

## VIII.    RELIEF REQUESTED

Streamline respectfully requests the following relief:

(a)   that the Court accept this Notice of Removal, exercise its original jurisdiction over Tangensis's claims, make such orders, if any, and take such action, if any, as may be necessary in connection with the removal of the State Court Action to this Court; and

(b)   that the Court grant Streamline such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.

Dated: August 7, 2023

Respectfully submitted,

**MUNSCH HARDT KOPF & HARR, PC.**

By: */s/ Greg C. Noschese*
Greg C. Noschese
Texas State Bar No. 00797164
E-mail: gnoschese@munsch.com
Jordan R. Curry
Texas Bar No. 24116242
E-mail: jcurry@munsch.com

500 N. Akard Street, Ste. 3800
Dallas, Texas 75201-6659
Tel: (214) 880-1004
Fax: (214) 855-7584

**ATTORNEYS FOR DEFENDANT STREAMLINE, LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 7, 2023, a true and correct copy of this document was served on all counsel of record via the Court's ECF system.

*/s/ Greg C. Noschese*
 Greg C. Noschese