The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| TANGENSIS, INC., | | |
| | Plaintiff, | NO. 2:23-cv-01749-RSM |
| v. | | **DEFENDANT STREAMLINE, LLC'S AMENDED ANSWER AND COUNTERCLAIMS** |
| STREAMLINE, LLC, | | |
| | Defendant. | |

**COMES NOW** Defendant, Streamline, LLC ("Streamline"), by and through its undersigned attorneys of record, Ryan, Swanson & Cleveland, PLLC, and answers Plaintiff's, Tangensis, Inc. ("Tangensis" or "Plaintiff"), Original Petition as follows:

## I.  INITIAL DISCLOSURES

1.1    Answering Paragraph 1.1 of Plaintiff's Original Petition, Streamline is without knowledge or information to form a belief as to the truth of these averments and therefore denies the same.

## II.  DISCOVERY LEVEL

2.1    Answering Paragraph 2.1 of Plaintiff's Original Petition, Streamline is without knowledge or information to form a belief as to the truth of these averments and therefore denies the same.

DEFENDANT STREAMLINE, LLC'S AMENDED
ANSWER AND COUNTERCLAIMS - 1
NO. 2:23-cv-01749-RSM

Ryan, Swanson & Cleveland, PLLC
401 Union Street, Suite 1500
Seattle, WA 98101-2668
206.464.4224

### III.    JURISDICTION AND VENUE

3.1    Answering Paragraph 3.1 of Plaintiff's Original Petition, Streamline denies.

3.2    Answering Paragraph 3.2 of Plaintiff's Original Petition, Streamline denies.

3.3    Answering Paragraph 3.3 of Plaintiff's Original Petition, Streamline denies.

### IV.    PARTIES

4.1    Answering Paragraph 4.1 of Plaintiff's Original Petition, Streamline admits.

4.2    Answering Paragraph 4.2 of Plaintiff's Original Petition, Streamline admits that it is a limited liability company duly formed and existing under the laws of the state of Washington. Streamline also admits that it does not maintain a place of regular business in Texas and has no designated agent on whom service of citation could be made in Texas. Streamline also admits that it entered into agreements with Plaintiff, a Texas corporation, whereby Plaintiff provided full-time employees and/or independent contractors to perform technical or other specialized services in computer services. Streamline denies all remaining averments.

### V.    OPERATIVE FACTS

5.1    Answering Paragraph 5.1 of Plaintiff's Original Petition, Streamline admits.

5.2    Answering Paragraph 5.2 of Plaintiff's Original Petition, Streamline admits.

5.3    Answering Paragraph 5.3 of Plaintiff's Original Petition, Streamline admits.

5.4    Answering Paragraph 5.4 of Plaintiff's Original Petition, Streamline admits.

5.5    Answering Paragraph 5.5 of Plaintiff's Original Petition, Streamline denies that any payment is due to Tangensis, and further denies each and every allegation therein.

5.6    Answering Paragraph 5.6 of Plaintiff's Original Petition, Streamline admits.

5.8    Answering Paragraph 5.8 of Plaintiff's Original Petition, Streamline admits that it has not paid Plaintiff for certain amount which Tangensis claims are owed. Streamline denies that it owes any monies to Tangensis, and denies the remaining averments in Paragraph 5.8 of

DEFENDANT STREAMLINE, LLC'S AMENDED
ANSWER AND COUNTERCLAIMS - 2
NO. 2:23-cv-01749-RSM

Ryan, Swanson & Cleveland, PLLC
401 Union Street, Suite 1500
Seattle, WA 98101-2668
206.464.4224

Plaintiff's Original Petition.[1]

5.9    Answering Paragraph 5.9 of Plaintiff's Original Petition, Paragraph 5.9 of Plaintiff's Original Petition calls for a legal conclusion to which no response is required. To the extent a response is deemed required, Streamline denies these averments.

## VI.    PLAINTIFF'S CAUSES OF ACTION

### Count One:

### *Sworn Account* Against Defendant

6.1    Answering Paragraph 6.1 of Plaintiff's Original Petition, Streamline incorporates its admissions and denials to all previous paragraphs as though fully set forth herein.

6.2    Answering Paragraph 6.2 of Plaintiff's Original Petition, Streamline admits that Plaintiff sent Streamline certain invoices, and that Plaintiff furnished certain services to Streamline at Streamline's request resulting in a job placement for Streamline. The remaining averments call for a legal conclusion to which no response is required. To the extent a response is deemed required, Streamline denies the remaining averments in Paragraph 6.2 of Plaintiff's Original Petition.

6.3    Answering Paragraph 6.3 of Plaintiff's Original Petition, Streamline denies that any amount is due and owing to Plaintiff. The balance of Paragraph 6.3 of Plaintiff's Original Petition calls for a legal conclusion to which no response is required. To the extent a response is deemed required, Streamline denies these averments.

### Count Two:

### *Breach of Contract* Against Defendant

6.4    Answering Paragraph 6.4 of Plaintiff's Original Petition, Streamline incorporates its admissions and denials to all previous paragraphs as though fully set forth

---

[1] In Plaintiff's Original Petition, Paragraph 5.7 is omitted, and Paragraph 5.8 immediately follows Paragraph 5.6.

DEFENDANT STREAMLINE, LLC'S AMENDED
ANSWER AND COUNTERCLAIMS - 3
NO. 2:23-cv-01749-RSM

Ryan, Swanson & Cleveland, PLLC
401 Union Street, Suite 1500
Seattle, WA 98101-2668
206.464.4224

herein.

6.5   Answering Paragraph 6.5 of Plaintiff's Original Petition, Streamline denies these averments.

6.6   Answering Paragraph 6.6 of Plaintiff's Original Petition, Streamline admits that the parties entered into certain agreements. Except as specifically admitted herein, Streamline denies the averments in Paragraph 6.6.

6.7   Answering Paragraph 6.7 of Plaintiff's Original Petition, Streamline denies these averments.

6.8   Answering Paragraph 6.8 of Plaintiff's Original Petition, Streamline denies these averments.

6.9   Answering Paragraph 6.9 of Plaintiff's Original Petition, Streamline denies these averments.

### Count Three:

### *Quantum Meruit* Against Defendant

6.10   Answering Paragraph 6.10 of Plaintiff's Original Petition, Streamline incorporates its admissions and denials to all previous paragraphs as though fully set forth herein.

6.11   Answering Paragraph 6.11 of Plaintiff's Original Petition, Streamline admits.

6.12   Answering Paragraph 6.12 of Plaintiff's Original Petition, Streamline is without knowledge or information to form a belief as to the truth of the averment that Plaintiff expected payment, and therefore denies the same. Streamline denies the balance of the averments in Paragraph 6.12.

6.13   Answering Paragraph 6.13 of Plaintiff's Original Petition, Streamline denies these averments.

6.14   Answering Paragraph 6.14 of Plaintiff's Original Petition, Streamline denies these averments.

DEFENDANT STREAMLINE, LLC'S AMENDED
ANSWER AND COUNTERCLAIMS - 4
NO. 2:23-cv-01749-RSM

Ryan, Swanson & Cleveland, PLLC
401 Union Street, Suite 1500
Seattle, WA 98101-2668
206.464.4224

## VII.  ASSUMED NAMES

7.1    Answering Paragraph 7.1 of Plaintiff's Original Petition, Streamline admits.

## VIII.  ATTORNEY'S FEES

8.1    Answering Paragraph 8.1 of Plaintiff's Original Petition, Streamline admits that Plaintiff's claim was made more than thirty (30) days before Plaintiff filed suit. Streamline denies the balance of the averments in Paragraph 8.1.

8.2    Answering Paragraph 8.2 of Plaintiff's Original Petition, Paragraph 8.2 calls for a legal conclusion to which no response is required. To the extent a response is deemed required, Streamline denies these averments.

## IX.  CONDITIONS PRECEDENT

9.1    Answering Paragraph 9.1 of Plaintiff's Original Petition, Paragraph 9.1 of Plaintiff's Original Petition calls for a legal conclusion to which no response is required. To the extent a response is deemed required, Streamline denies these averments.

## X.  PRAYER

10.1    Answering Paragraph (1) of Plaintiff's Original Petition, Paragraph (1) of Plaintiff's Original Petition calls for a legal conclusion to which no response is required. To the extent a response is deemed required, Streamline denies these averments.

10.2    Answering Paragraph (2) of Plaintiff's Original Petition, Paragraph (2) of Plaintiff's Original Petition calls for a legal conclusion to which no response is required. To the extent a response is deemed required, Streamline denies these averments.

10.3    Answering Paragraph (3) of Plaintiff's Original Petition, Paragraph (3) of Plaintiff's Original Petition calls for a legal conclusion to which no response is required. To the extent a response is deemed required, Streamline denies these averments.

10.4    Answering Paragraph (4) of Plaintiff's Original Petition, Paragraph (4) of Plaintiff's Original Petition calls for a legal conclusion to which no response is required. To the extent a response is deemed required, Streamline denies these averments.

DEFENDANT STREAMLINE, LLC'S AMENDED
ANSWER AND COUNTERCLAIMS - 5
NO. 2:23-cv-01749-RSM

Ryan, Swanson & Cleveland, PLLC
401 Union Street, Suite 1500
Seattle, WA 98101-2668
206.464.4224

10.5 Answering Paragraph (5) of Plaintiff's Original Petition, Paragraph (5) of Plaintiff's Original Petition calls for a legal conclusion to which no response is required. To the extent a response is deemed required, Streamline denies these averments.

## XI. AFFIRMATIVE DEFENSES

11.1 Without waiver of any rights, privileges, defenses, or claims, Streamline asserts the following defenses and reserves the right to amend or supplement them as this matter progresses:

11.2 All or part of Plaintiff's claims are barred by Plaintiff's failure to mitigate damages.

11.3 All or part of Plaintiff's claims are barred by Plaintiff's unclean hands.

11.4 All or part of Plaintiff's claims are barred by Plaintiff's prior material breach.

11.5 All or part of Plaintiff's claims are barred by Plaintiff's failure of consideration.

11.6 All or part of Plaintiff's claims are barred by Plaintiff's fraud.

11.7 All or part of Plaintiff's claims are barred by Plaintiff's unjust enrichment.

11.8 All or part of Plaintiff's claims are barred by Plaintiff's breach of the implied covenant of good faith and fair dealing.

## XII. COUNTERCLAIMS

For its Counterclaims against Tangensis, Streamline states as follows:

## XIII. PARTIES

13.1 Tangensis is a corporation formed under the laws of the state of Texas.

13.2 Streamline is a limited liability company formed under the laws of the state of Washington and authorized to transact business in the state of Washington.

## XIV. JURISDICTION AND VENUE

14.1 This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) as this is an action between citizens of different states and the amount in controversy exceeds $75,000.

DEFENDANT STREAMLINE, LLC'S AMENDED
ANSWER AND COUNTERCLAIMS - 6
NO. 2:23-cv-01749-RSM

Ryan, Swanson & Cleveland, PLLC
401 Union Street, Suite 1500
Seattle, WA 98101-2668
206.464.4224

14.2   Venue is proper in this Court under 28 U.S.C. §1391(b)(2).

## XV.   FACTS

15.1   Streamline is a technology consulting and software engineering firm providing workers – primarily engineers – to its clients. Streamline has many of its own full-time employees assigned to its clients, but sometimes obtains contract workers from outside agencies like Tangensis.

15.2   In or around February 2021, Streamline and Tangensis entered into a series of agreements whereby Tangensis agreed to provide Streamline with four such contract workers (a "Contract Worker", or collectively, the "Contract Workers"). Each agreement provided each Contract Worker to Streamline, and Streamline placed the Contract Workers with a single client in Washington State. Attached hereto as Exhibit A, Exhibit B, Exhibit C, and Exhibit D (collectively, the "Agreements") are true and correct copies of the Agreements.

15.3   Among other material terms, the Agreements required that the Contract Workers be employees of Tangensis, rather than subcontractors of Tangensis, and that they have the right to legally work in the United States. *See, e.g.*, Exs. A-D, ¶ 4.2.

15.4   Tangensis agreed to confidentiality of all aspects of the relationship, which included refraining from engaging in communication with Streamline's client. *See, e.g.*, Exs. A-D, ¶ 6.1. Such confidential information included information that may have been communicated to Tangensis by a third party that had no confidentiality obligations with respect to such information. *Id.*, ¶ 6.2(b).

15.5   Tangensis further agreed to refrain from engaging in business or other activities that would place it in a conflict of interest with Streamline. *See, e.g.*, Exs. A-D, ¶ 11.

15.6   In or around September 2021, Streamline discovered that Tangensis had circumvented Streamline by discussing staffing opportunities and Contract Worker pricing directly with Streamline's client. Tangensis then sought to direct Streamline to onboard additional workers to positions with Streamline's client.

DEFENDANT STREAMLINE, LLC'S AMENDED
ANSWER AND COUNTERCLAIMS - 7
NO. 2:23-cv-01749-RSM

Ryan, Swanson & Cleveland, PLLC
401 Union Street, Suite 1500
Seattle, WA 98101-2668
206.464.4224

15.7   Shortly thereafter, Tangensis informed Streamline that an additional proposed worker for placement with Streamline's client was an employee of Tangensis. Streamline, however, discovered that this proposed worker was employed by another vendor (*i.e.*, the proposed worker was not a Tangensis employee, as Tangensis had represented).

15.8   Streamline contacted Tangensis about this misrepresentation, but Tangensis ignored Streamline's inquiry.

15.9   Streamline declined to onboard this proposed worker as the individual was not a Tangensis employee as Tangensis had represented.

15.10   In or around February 2022, Streamline's human resource manager conducted a routine workforce audit, including the Contract Workers who were purportedly employed by Tangensis. This audit involved checking the visa status of Tangensis employees. The visa documentation would have identified the employer of the employee applying for or holding the visa.

15.11   Tangensis never responded to Streamline about the visa audit. Upon information and belief, Tangensis instructed the four Contract Workers on how to respond to Streamline's inquiries about the Contract Workers' connection to Tangensis to mislead Streamline and/or hide the fact that the Contract Workers were not actually Tangensis employees.

15.12   Tangensis never provided information regarding the four Contract Workers' background checks and their legal rights to work in the United States.

15.13   Upon the audit's completion, Streamline concluded that at least three of the four Contract Workers Tangensis provided to Streamline for placement with Streamline's client were not Tangensis employees, but instead were Tangensis subcontractors.

15.14   On February 15, 2022, Streamline terminated the Contract Workers' Agreements, based upon its discovery of Tangensis' misrepresentations and other contract violations.

15.15   On February 22, 2022, Streamline offboarded the Contract Workers from their

DEFENDANT STREAMLINE, LLC'S AMENDED
ANSWER AND COUNTERCLAIMS - 8
NO. 2:23-cv-01749-RSM

Ryan, Swanson & Cleveland, PLLC
401 Union Street, Suite 1500
Seattle, WA 98101-2668
206.464.4224

roles with Streamline's client. Streamline expected that its client would replace the Contract Workers with its own internal workers, or with other Streamline workers.

15.16  On June 29, 2022, Streamline learned that three of the four since-terminated Contract Workers remained with Streamline's client in the same roles from which they were terminated.

15.17  Tangensis' CEO confirmed, in writing, that the Contract Workers remained in their roles at Streamline's client.

15.18  In or around July or August of 2022, Streamline learned that the Contract Workers, who Streamline terminated in February of 2022, continued working for Streamline's client, with Tangensis circumventing Streamline.

15.19  Upon information and belief, Tangensis utilized one or more vendor(s) to subcontract the same Contract Workers, and potentially additional workers, to Streamline's client.

15.20  Upon information and belief, the placement of workers through entities such as Streamline is part of a larger scheme by Tangensis and its affiliates to defraud Streamline, its clients, and/or other entities.

### XVI.  FIRST CAUSE OF ACTION – BREACH OF CONTRACT

16.1  Plaintiff realleges and incorporates by reference all preceding Paragraphs.

16.2  Tangensis entered into Agreements with Streamline and made several material warranties and representations to Streamline.

16.3  Tangensis violated numerous provisions of the Agreements.

16.4  Tangensis warranted that the Contract Workers were employees of Tangensis.

16.5  In fact, three of the four Contract Workers were not employees of Tangensis. These three Contract Workers were employed by entities separate and distinct from Tangensis and were subcontracted to Tangensis.

16.6  Tangensis communicated with Streamline's client, both before and after

DEFENDANT STREAMLINE, LLC'S AMENDED
ANSWER AND COUNTERCLAIMS - 9
NO. 2:23-cv-01749-RSM

Ryan, Swanson & Cleveland, PLLC
401 Union Street, Suite 1500
Seattle, WA 98101-2668
206.464.4224

1  Streamline terminated the Contract Workers, thereby violating Tangensis' agreement to
2  maintain confidentiality of all aspects of its relationship with Streamline.

3      16.7    Upon information and belief, Tangensis used personnel information, including
4  personnel lists, personnel data, and termination arrangements or documents, to which Tangensis
5  had access during the time when the Contract Workers worked for Streamline's client. Such
6  information may have been communicated to Tangensis by Streamline's client or another third
7  party.

8      16.8    Tangensis' Contract Workers continued in their roles with Streamline's client
9  despite Streamline's termination of the Contract Workers, which constituted business and/or
10 activities that placed Tangensis in a conflict of interest with Streamline.

11     16.9    Tangensis' actions as described herein constitute breaches of the Agreements.

12     16.10    Streamline has been damaged by Tangensis' breaches of the Agreements in an
13 amount to be proven at trial.

## XVII.  SECOND CAUSE OF ACTION – TORTIOUS INTERFERENCE

15     17.1    Plaintiff realleges and incorporates by reference all preceding Paragraphs.

16     17.2    Tangensis tortiously interfered with Streamline's business relationships and
17 expectancies by, among other things, placing the Contract Workers in their same roles with
18 Streamline's client after termination of the contracts between Streamline and Tangensis,
19 communicating directly with Streamline's client, using Streamline's confidential information
20 for its benefit, and circumventing Streamline in placing workers with Streamline's client.

21     17.3    Tangensis knew of the existence of the valid contractual relationship between
22 Streamline and its client.

23     17.4    Tangensis had a duty not to interfere with the relationship between Streamline
24 and its client and with Streamline's business expectancies.

25     17.5    Tangensis' interference with Streamline's business relationships and
26 expectancies was intentional.

DEFENDANT STREAMLINE, LLC'S AMENDED
ANSWER AND COUNTERCLAIMS - 10
NO. 2:23-cv-01749-RSM

Ryan, Swanson & Cleveland, PLLC
401 Union Street, Suite 1500
Seattle, WA 98101-2668
206.464.4224

17.6    Streamline suffered damage from Tangensis' interference with the relationship between Streamline and its client by placing the Contract Workers at the client, thereby damaging not only the relationship between Streamline and its client, but Streamline's expectancy for additional work.

17.7    Upon information and belief, Tangensis used Streamline's confidential information in its continued placements with Streamline's client after Streamline terminated the Contract Workers' employment.

17.8    Upon information and belief, Tangensis used personnel information, including personnel lists, personnel data, and termination arrangements or documents, to which Tangensis had access during the time when the Contract Workers worked for Streamline's client. Such information may have been communicated to Tangensis by Streamline's client or another third party.

17.9    Tangensis leveraged Streamline's relationships and caused financial and reputational harm to Streamline.

17.10    Tangensis diverted business from Streamline to itself to act as a direct competitor of Streamline, which violated Tangensis' common law duties of loyalty and confidentiality owed to Streamline.

17.11    Streamline has been damaged by Tangensis' tortious interference with its business relationships and expectancies in an amount to be proven at trial.

## XVIII. REQUEST FOR RELIEF

Having stated its claims, Streamline requests the following relief:

1.    Dismissal of Plaintiff's claims with prejudice;

2.    A judgment against Tangensis for breach of contract, in such amount to be proven at trial;

3.    A judgment against Tangensis for tortious interference with business relationships and expectancies, in such amount to be proven at trial;

DEFENDANT STREAMLINE, LLC'S AMENDED
ANSWER AND COUNTERCLAIMS - 11
NO. 2:23-cv-01749-RSM

Ryan, Swanson & Cleveland, PLLC
401 Union Street, Suite 1500
Seattle, WA 98101-2668
206.464.4224

4. An award of costs, expenses, and attorneys' fees pursuant to Section 8.1 of the Agreements between the parties; and

5. Such other and further relief as this Court may deem just and equitable.

DATED this 9th day of July 2024.

By *s/ Hana A. Kern*
*s/ Matthew B. Audish*
Hana A. Kern, WSBA #21595
Matthew B. Audish, WSBA #59325
RYAN, SWANSON & CLEVELAND, PLLC
401 Union Street, Suite 1500
Seattle, Washington 98101-2668
Telephone: (206) 464-4224
kern@ryanlaw.com
audish@ryanlaw.com
*Attorneys for Defendant*

DEFENDANT STREAMLINE, LLC'S AMENDED
ANSWER AND COUNTERCLAIMS - 12
NO. 2:23-cv-01749-RSM

Ryan, Swanson & Cleveland, PLLC
401 Union Street, Suite 1500
Seattle, WA 98101-2668
206.464.4224

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that on the 9th day of July 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice.

_____
Shawn Menning, Legal Assistant
menning@ryanlaw.com

DEFENDANT STREAMLINE, LLC'S AMENDED
ANSWER AND COUNTERCLAIMS - 13
NO. 2:23-cv-01749-RSM

Ryan, Swanson & Cleveland, PLLC
401 Union Street, Suite 1500
Seattle, WA 98101-2668
206.464.4224